| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| Caption in Compliance with D.N.J. 9004-2(c)<br>THOMAS J. ROMANS, ESQ.<br>27 Warren Street, Suite 103<br>Hackensack, NJ 07601<br>(201) 489-0027<br>romanslaw@optonline.net<br>Thomas J. Romans, Esq. (TR9284)<br>Attorney for John Lira, Creditor | |
| In re:<br>　　STEWART KENNEDY and SAMANTHA KENNEDY,<br>　　　　　　　　　　Debtors | Case No.: 10-24535-RG<br><br>Chapter 7<br><br>Judge: Hon. Rosemary Gambardella |
| JOHN LIRA,<br>　　　　　　　　　Plaintiff,<br>v.<br>STEWART KENNEDY and SAMANTHA KENNEDY,<br>　　　　　　　　　Defendants. | Adv. Pro. No. |

**COMPLAINT PURSUANT TO BANKRUPTCY CODE 11 U.S.C. § 523 TO DETERMINE THE DISCHARGEABILITY OF DEBT OF THE DEBTORS, STEWART KENNEDY AND SAMANTHA KENNEDY, AND TO OBJECT TO DISCHARGE OF DEBTORS UNDER 11 U.S.C. § 727**

Plaintiff, JOHN LIRA, a creditor and party in interest in the above referenced bankruptcy case, files this Complaint to Determine Dischargeability of Debt Under 11 U.S.C. § 523 and to Object to the Discharge of the Debtors under 11 U.S.C. § 727 (the "Complaint"), and in support thereof respectfully represents to the Court as follows:

1

## INTRODUCTION

1. The statutory authority and grounds for this action include, but are not limited to, Sections 523 and 727 of Title 11 of the United States Code ("Code"). This action is brought under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 7001.

2. This is an action seeking to determine the Debtors, Stewart Kennedy and Samantha Kennedy ("Debtors" or "Defendants"), dischargeability under 11 U.S.C. § 523 and to object to their discharge under 11 U.S.C. § 727. Specifically, Plaintiff seeks the entry of an Order: (a) declaring that Debtors are not entitled to receive a discharge, or, alternatively; (b) declaring that the Debtors' debts to Plaintiff, John Lira, are not dischargeable; (c) granting Plaintiff a non-dischargeable judgment against the Debtors, jointly and severally, in an amount presently estimated to be no less than $650,000; and (d) awarding Plaintiff his legal fees and costs pursuant to 11 U.S.C. § 523(d)(6).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. §§ 1334 and 157(b)(2)(I) and 11 U.S.C. § 523 and 727, since this is a proceeding to object to the discharge of Debtors and, alternatively, to determine the dischargeability of particular debts.

4. This Court has fixed December 31, 2010 as the last day to file a Complaint to Object to Discharge of Debtor Under 11. U.S.C. § 727 and to Determine Dischargeability of Debt Under 11 U.S.C. § 523. This Complaint, therefore, has been timely filed.

5. Venue in this Court is appropriate under Sections 1408 and 1409 of Title 28 of the United States Code.

## THE PARTIES

6. John Lira, the Plaintiff herein, resides at 120 Crosby Avenue, Totowa Borough, New Jersey 07512.

7. The Defendants herein, Stewart Kennedy and his wife Samantha Kennedy, reside at 56 Sleepyhollow Drive, Wayne, New Jersey 07470.

## FACTUAL BACKGROUND

8. On May 12, 2010 (the "Petition Date"), Defendants Stewart Kennedy and Samantha Kennedy filed a joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey.

9. The Defendants' Chapter 7 petition is proceeding under Docket No. 10-24535 and seeks to discharge their indebtedness to Plaintiff, which they have scheduled to be in the total amount of $300,000.

10. At all relevant times Defendant Stewart Kennedy was employed as a Detective Sergeant in the Detective Bureau of the City of Passaic Police Department.

11. Plaintiff is a retired Deputy Chief of Police for the City of Passaic and during his employment there he was associated with Stewart Kennedy.

12. The Defendant Stewart Kennedy conducted a substantial real estate development business at the same time that he was employed as a Police Officer. Kennedy frequently discussed with his fellow police officers, including the Plaintiff, the properties he had developed and the large sums of money he had made himself and for those who had invested with him.

13. Stewart Kennedy approached Plaintiff during the course of their working together and from time to time solicited him to invest in various real estate ventures with him and his wife, which Plaintiff did.

14. The Defendants also solicited their friends and other social acquaintances to invest with them in real estate ventures organized and run by Stewart Kennedy and his wife, Samantha Kennedy.

15. Stewart Kennedy solicited many of the police officers who worked with him to loan him money for his real estate development business.

16. Most of these investors were not sophisticated investors and they participated with the Kennedys largely because of their friendship with the Defendants.

17. Many of the real estate ventures promoted by Stewart Kennedy were placed in the name of his wife, Samantha Kennedy.

18. The Kennedys borrowed liberally from their business associates and friends, and generally Stewart Kennedy was in control of the funds and the books and records of each of these real estate ventures.

19. The Defendants freely transferred funds among the various real estate projects they were involved in, and, when it was necessary to continue their lavish lifestyle, they transferred funds to themselves into their own personal account opened at Valley National Bank under the name "S&S Development".

20. The Kennedys lavished themselves with expensive jewelry and cars, including several Cadillacs, numerous diamond studded Rolex watches, and expensive jewelry for Mrs. Kennedy. They enjoyed frequent and extravagant vacations. Their 12 room home in Wayne is extravagantly furnished. They purchased a summer home in Ocean Grove.

21. Most of the real estate projects promoted by the Kennedys were highly leveraged and burdened with excessive debt, and at some point it became impossible for Defendants to borrow additional funds to support their lifestyle and the various projects they were promoting.

22. The result is that the Kennedys now seek to keep their lavishly furnished residence and other assets they have secreted, while discharging more than $8 million in debt.

23. As will be more fully described and set forth herein, the Debtors are not entitled to a discharge because they have filed a petition which does not accurately set forth all of their assets and in which they intentionally undervalue their assets in order to falsely convey that they are unable to pay their debts. Moreover, as will be more fully described and set forth herein, the particular loss of Plaintiff's money invested with the Debtors, and the Debtors' obligation to repay same, should be deemed non-dischargeable by reason of Debtors' fraud and embezzlement.

**447 Van Houten, LLC**

24. During or about November 2005, Stewart Kennedy and his real estate agent partner, Danny Colon, identified a property at 447 Van Houten Avenue, City of Passaic, which they proposed to develop into 87 condominium units. A limited liability company was formed for this purpose called 447 Van Houten, LLC (the "Company").

25. 447 Van Houten, LLC was owned in equal shares by Plaintiff, Danny Colon's wife, Suzette Colon, and Defendant, Samantha Kennedy. Plaintiff was responsible for construction, Danny Colon was responsible to market and sell the units, and Stewart Kennedy was in charge of handling the finances and funds of the project. A $5.5 million dollar construction loan was obtained from LG Capital.

26. Plaintiff invested $300,000 of his own funds in 447 Van Houten, LLC, all of which was lost by reason of the embezzlement of more than $500,000 of the company's funds by the Defendants.

27. Defendants unlawfully took $330,000 of the company's money to purchase stocks registered in their own name.

28. Defendants hired masons, landscapers, painters and other contractors, whom they paid with more than $50,000 of the Company's funds for improvements to their own personal residence, while representing to Plaintiff that all company funds were being used for purposes of 447 Van Houten, LLC.

29. Defendants improperly loaned $10,000 of the Company's funds to their stock broker, which has not been repaid.

30. The Company's funds were entrusted to Stewart Kennedy, who had control over them as a fiduciary and who promised and represented to Plaintiff that all such funds were being used for the business of 447 Van Houten, LLC.

31. The aforesaid loan to Defendants' stock broker and use of the Company's funds for the purchase of stocks in the Kennedys name and for work performed on the Defendants' residence was done without permission and was an unauthorized use of Company funds which contributed to its failure and the loss of Plaintiff's investment of $300,000 in the Company.

**LIRCOSTEW, LLC**

32. Lircostew was a real estate joint venture formed between Plaintiff and Stewart Kennedy.

33. Stewart Kennedy was entrusted with the funds of this joint venture and, without his partner and co-owner's permission, Defendants diverted $127,000 of the venture's funds to another property they were developing at 171 Burgess Place, City of Passaic, while representing to Plaintiff that all such funds would be used for their joint venture.

**243 Third Street, Passaic, NJ**

34.Stewart Kennedy was placed in charge of funds borrowed by the Plaintiff for the construction of houses on property jointly owned by Plaintiff and Stewart Kennedy at 243 Third Street, City of Passaic.

35.$190,000 of the aforesaid borrowings were unlawfully diverted by Stewart and Samantha Kennedy for their personal use and benefit, who represented to Plaintiff that all such funds were applied to the development of the 243 Third Avenue project.

36.As a result of the diversion of funds, the construction of these houses was not completed and the lenders have sued Plaintiff for repayment of the said construction loans entered into by Plaintiff.

**Debtors' Failure to Disclose Assets and or Financial Accounts**

37.The Defendants filed a Chapter 7 Bankruptcy Petition on May 12, 2010.

38.The Debtors 341 meeting of creditors was held with the Chapter 7 Trustee.

39.At the 341 meeting, the Chapter 7 Trustee questioned the Debtor's income, expenses and property. The Debtors confirmed under oath that their Petition was true and accurate.

40.On September 24, 2010 the Plaintiff provided the Chapter 7 Trustee, Barbara A. Edwards, Esq., with a copy of the Deed to a property owned by Debtor, Stewart Kennedy, namely 267-269 Howard Avenue, Passaic, New Jersey. Said property was not included in the Debtors' Chapter 7 Petition.

41.On November 3, 2010, well after the Trustee was provided with the Deed to the property at 267-269 Howard Avenue, the Debtors filed an Amended Schedule A to include said

property in their bankruptcy petition. The Debtors only disclosed this property after Plaintiff notified the Chapter 7 Trustee of this property.

42. Plaintiff has also uncovered that the Debtor, Stewart Kennedy, on June 14, 2010 deeded his interest in the residential property located at 40 Sleepyhollow Drive, Wayne, New Jersey to his mother-in-law, Anne Frederico, in an attempt to conceal property owned by him and deny creditors their share of the estate owned by Debtors. Debtors also fail to disclose that Stewart Kennedy is the mortgagor on two mortgages he obtained in order to purchase this property, and when questioned about being obligated to pay these mortgages he lied under oath at his Rule 2004 Examination.

43. Debtors have not filed a Federal Tax Return in 4 years making it difficult to ascertain the amount of income they have generated through their various businesses or real estate transactions, income or other property held in their or others names or to fully ascertain their expenditures.

44. The Debtors failed to disclose in response to Question 18A of their Statement of Financial Affairs and Question 13 of Schedule B of their Petition various interests they held in various entities associated with real estate ventures they were involved in, such as:

- DCL, LLC – a development of 12 townhouses at 199 Lafayette Avenue, Passaic, New Jersey, in which Samantha Kennedy owned a 17 ¾% ownership interest;

- LG Capital a/k/a 447 Van Houten – 90 unit real estate development, 33 1/3% of which is owed by Samantha Kennedy;

8

- Shannon G., LLC – a proposed waste transfer station in Paterson, condemned by the City and the condemnation proceeds placed in escrow; Stewart Kennedy holds an interest in this project;

- Lircostew, LLC – developer of various properties; and

- Bella Vista Estates – 33 1/3 % of which is owned by Stewart Kennedy.

45.    Debtors failed to disclose on Schedule B to their petition their maintenance of a checking account established by them at Valley National Bank under the name of S&S Development, where they deposited significant amounts of money derived from their various real estate ventures and from which they paid not only certain expenses of these ventures but also their own personal expenses, such as vacations, household furnishings, and other living expenses. This account was active as of the date of the filing of Debtors' Chapter 7 Petition.

46.    Debtors failed to disclose in response to Item 2, Schedule B, the existence of two brokerage accounts maintained by them with Smith Barney and Oppenheimer. The Oppenheimer account was funded with proceeds from the S&S Development account and liquidated immediately prior to the filing of their petition so as to allow them to purchase two vehicles for the total sum of $14,000 cash. Debtors fail to disclose and explain how much was derived from this liquidation.

47.    Debtors failed to disclose their ownership of the furnishings of their vacation home in Ocean Gate, New Jersey, in response to Item 4, Schedule B of their petition.

48.    Debtors failed to disclose ownership of a valuable diamond studded Cartier wristwatch in response to Item 7, Schedule B or in response to Item 1 of their Statement of Financial Affairs that they received funds from S&S Development above and beyond the $222,000 they claim was their sole income during 2009.

## COUNT I
## VIOLATION OF 11 U.S.C. § 523(a)(2)(A)

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 8 through 48 hereof with the same force and effect as if set forth at length herein.

50. The Defendants, Stewart Kennedy and Samantha Kennedy, through false pretenses, false representations, and/or actual fraud aforesaid acted to induce Plaintiff to enter into the aforesaid real estate transactions, and in the absence of the aforesaid false pretense, false representations, and/or actual fraud by the Defendants, Plaintiff would not have entered into these transactions and incurred the losses attributable to the Defendants.

51. The Defendants' conduct violates 11 U.S.C. § 523(a)(2)(A) and, therefore, Defendants' indebtedness to Plaintiff, John Lira, constitutes a non-dischargeable debt.

## COUNT II
## VIOLATION OF 11 U.S.C. § 523(a)(4)

52. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 8 through 48 hereof with the same force and effect as if set forth at length herein.

53. The Defendants, Stewart Kennedy and Samantha Kennedy, engaged in fraud, embezzlement, or defalcation while acting in a fiduciary capacity as aforesaid, and in the absence of fraud, embezzlement or defalcation while acting in a fiduciary capacity as aforesaid, Plaintiff would not have incurred the losses attributable to the Defendants.

54. Such conduct violates 11 U.S.C. § 523(a)(4) and, therefore, Defendants' indebtedness to Plaintiff, John Lira, constitutes a non-dischargeable debt.

## COUNT III
## VIOLATION OF 11 U.S.C. § 523(a)(6)

55. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 6 through 48 hereof with the same force and effect as if set forth at length herein.

56. The Defendants willfully and maliciously injured Plaintiff and/or the property of Plaintiff and in the absence of this willful and malicious injury to Plaintiff and/or the property of Plaintiff, Plaintiff would not have incurred the losses attributable to the Defendants.

57. The Defendants' conduct violates 11 U.S.C. § 523(a)(6) and, therefore, Defendants' indebtedness to Plaintiff, John Lira, constitutes a non-dischargeable debt.

## COUNT IV
## VIOLATION OF 11 U.S.C. § 727(a)(2)(A) AND (B)

58. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 6 through 48 hereof with the same force and effect as if set forth at length herein.

59. Debtors' actions, made with the intend to hinder, delay and/or defraud Plaintiff and other creditors, results in property of the Debtors, within one year of and after the bankruptcy filing, having been transferred, removed, destroyed, mutilated, or concealed.

60. As a direct and proximate result of Debtors' conduct and actions, Debtors should be denied a discharge under 11 U.S.C. § 727.

## COUNT V
## VIOLATION OF 11 U.S.C. § 727(a)(3)

61. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 6 through 48 hereof with the same force and effect as if set forth at length herein.

62. The Debtors unjustifiably concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which Debtors' financial condition or business transactions might be ascertained.

63. As a direct and proximate result of Debtors' conduct and actions, Debtors should be denied a discharge under 11 U.S.C. § 727.

## COUNT VI
## VIOLATION OF 11 U.S.C. § 727(a)(7)

64. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 6 through 48 hereof with the same force and effect as if set forth at length herein.

65. Debtors' actions and conduct, in part, was undertaken within one (1) year prior to their bankruptcy filing.

66. As a direct and proximate result of Debtors' conduct and actions, Debtors should be denied a discharge under 11 U.S.C. § 727.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court upon trial:

1. Order that the Debtors' indebtedness to Plaintiff constitutes a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and /or (a)(6) and 11 U.S.C. § 727 (a)(2)(A) and (B), (a)(3), (a)(4), (a)(5) and/or (a)(7);

2. Grant a non-dischargeable judgment in favor of Plaintiff against the Debtors, jointly and severally, in the amount of $650,000 or as may be proven at trial, plus prejudgment and post-judgment interest as provided by law, reasonable attorney fees, costs and expenses as allowed under 11 U.S.C. § 523(a)(6);

3. Deny granting a discharge to the Debtors and dismiss their Chapter 7 Petition pursuant to 11 U.S.C. § 727; or

4. Grant Plaintiff such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

Dated: December 30, 2010

*(signature)*

THOMAS J. ROMANS, ESQ.
Attorney for Plaintiff, John Lira
27 Warren Street, Suite 103
Hackensack, NJ 07601
Tel. (201) 489-0027
Fax (201) 489-3540
Email: romanslaw@optonline.net