<u>NOT FOR PUBLICATION</u>

**FILED**
JAMES J. WALDRON, CLERK

**May 7, 2013**

U.S. BANKRUPTCY COURT
NEWARK, N.J.

BY: s/ *Ronnie Plasner*
JUDICIAL ASSISTANT

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**STEWART AND SAMANTHA KENNEDY,**<br><br>Debtors. | Case No.: 10-24535 (DHS) |
| **JOHN LIRA,**<br><br>Plaintiff,<br><br>v.<br><br>**STEWART AND SAMANTHA KENNEDY,**<br><br>Defendants. | Adv. No.: 10-02634 (DHS) |
| **LAILA CRISTOBAL,**<br><br>Plaintiff,<br><br>v.<br><br>**STEWART AND SAMANTHA KENNEDY,**<br><br>Defendants. | Adv. No. 10-02635 (DHS)<br><br><br><br>**OPINION** |

**APPEARANCES:**

Thomas J. Romans, Esq.
27 Warren Street
Suite 103
Hackensack, New Jersey 07601
*Attorney for Plaintiffs*

Santo J. Bonanno, Esq.
1430 Route 23 North
Wayne, New Jersey 07470
*Attorney for Defendants*

**<u>THE HONORABLE DONALD H. STECKROTH, BANKRUPTCY JUDGE</u>**

Before the Court are two motions seeking summary judgment. The defendants and debtors in the underlying bankruptcy case, Stewart and Samantha Kennedy ("Mr. Kennedy" and "Mrs. Kennedy," respectively, and the "Debtors" or "Defendants," collectively) filed a motion for summary judgment as to the claims asserted by Plaintiff, John Lira ("Lira") in his complaint (the "Lira Complaint"). The Lira Complaint includes six counts: (i) non-dischargeability pursuant to § 523(a)(2)(A); (ii) non-dischargeability pursuant to § 523(a)(4); (iii) non-dischargeability pursuant to § 523(a)(6); (iv) non-dischargeability pursuant to § 727(a)(2)(A) and (B); (v) non-dischargeability pursuant to § 727(a)(3); and (vi) non-dischargeability pursuant to § 727(a)(7). Relying on the enforcement of an irrevocable general release dated October 29, 2007 ("IGR), the Defendants argue that Lira cannot assert any claims against them related to business dealings, transactions, or conduct preceding and including the date the IGR was executed. Lira counters that the IGR is unenforceable due to the circumstances surrounding its execution, including but not limited to fraud, duress, and concealment, and, therefore, he is not barred from asserting such claims.

Lira, along with Plaintiff Laila Cristobal ("Cristobal") and collectively with Lira, the "Plaintiffs"), filed a motion for summary judgment on their claims seeking denial of the Debtors' discharge pursuant to section 727(a) of the Bankruptcy Code. Cristobal's complaint, like Lira's, contains the following counts related to section 727(a): (i) non-dischargeability pursuant to § 727(a)(2)(A) and (B); (ii) non-dischargeability pursuant to § 727(a)(3); and (iii) non-dischargeability pursuant to § 727(a)(7). The Plaintiffs allege that the Debtors made false statements and omissions in their bankruptcy petition and statement of financial affairs, failed to keep adequate records, made improper transfers, and concealed assets. The Defendants counter that the omissions were inadvertent or immaterial and, therefore, do not bar a discharge. Moreover, the Defendants contend that many of the allegations as set forth in the Plaintiffs' complaints require a determination of fraudulent intent, a material question of fact requiring a trial and denial of summary judgment.

The parties have filed certifications both in support and opposition of the motions for summary judgment. After reviewing the entirety of the record and the factual allegations contained therein, and for the reasons stated hereafter, the motions are denied.

The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 1334(b), 157(a), and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984 as amended September 18, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. §§ 1408 and 1409(a). The following shall constitute the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

# FACTUAL BACKGROUND

## Lira Adversary Proceeding

This dispute arises from Lira's interest and involvement with a real estate development company prior to and including most of 2007. Suzette Colon, not a party to these motions, Mrs. Kennedy, and Lira each held a one-third interest in a limited liability company, 447 Van Houten, LLC ("447 VH"). 447 VH was an entity formed for the purpose of developing condominium units at 447 Van Houten Avenue in Passaic, New Jersey (the "VH Project"). Mr. Kennedy was heavily involved in the Project but his name was omitted from various interests and loans because Mrs. Kennedy, due to her stronger credit rating, could obtain more favorable terms for financing.

The project was financed in large part by LG Capital ("LG"). Initially, LG financed the project with a $6.5 million loan. The loan was guaranteed by Mr. and Mrs. Kennedy and Lira, together with others not parties to this proceeding. During the VH Project, LG encouraged 447 VH to take an additional loan of $1.8 million to develop the neighboring property at 435 Van Houten Avenue. In July 2007, LG denied 447 VH's request for additional funds to complete the VH Project and placed 447 VH in default of its loan. After this point, the facts as presented in the parties' certifications begin to conflict. The final fact to which all parties concede is that on October 29, 2007, Lira, along with Suzette Colon, Daniel Colon, and the Defendants, signed the IGR. The IGR states in relevant part that:

> Releasors [, defined to include John Lira,] knowingly, voluntarily and without duress, do hereby in perpetuity, jointly, severally, and irrevocably release, acquit, and forever discharge Releasees [, defined to include Mr. and Mrs. Kennedy,] . . . from any and all claims, rights, actions, causes of action, suits, [etc.] . . . from the beginning of time to the date of this Release . . . .

(Cert. of Samantha Kennedy, Ex. A., ¶ 2) Stephen Gruhin ("Gruhin"), the Debtors' former attorney, prepared the IGR that Lira signed. Mr. Kennedy submits there were no further business dealings between the Defendants and Lira after the IGR was signed. While serving as the sole basis for the Defendants' motion for summary judgment, the enforceability of the IGR is contested by Lira based on the circumstances surrounding its execution.

## Cristobal Adversary Proceeding

Cristobal's claims arise from her investment in the Debtors' real estate development project they had acquired and were in the process of developing on Palmer Street in Passaic, New Jersey (the "Passaic Project"). Cristobal was a Detective in the City of Passaic Police Department and reported to Mr. Kennedy. Cristobal alleges that Mr. Kennedy induced her to invest $150,000 in the Passaic Project with the promise of a substantial return. Cristobal alleges that Mr. Kennedy ensured that her investment would be protected as it would be treated as a loan and secured by a mortgage on the

4

Palmer Street property. In order to make the investment, Cristobal took out a home equity mortgage loan on her own home. On or about August 1, 2004, a check in the sum of $150,000 was made payable by Cristobal to Mrs. Kennedy at Mr. Kennedy's instruction. The mortgage note provided for $35,000 interest to be paid to Cristobal by August 1, 2005, the first half of which was due by February 1, 2005.

After the first payment became due and was not received, Cristobal inquired as to the status of the interest payments. Cristobal certifies that for the next few months, each time she inquired of Mr. Kennedy regarding the status of the Passaic Project and the delinquent interest payments, she was repeatedly given the response that construction was delayed but that her investment was safe. From 2005 through 2008, Cristobal's inquiries to Mr. Kennedy were met with excuses such as contractor delays, title issues, and failure to obtain other financing to complete the Passaic Project. After being assured by Gruhin, the Kennedys' attorney, that there was a buyer and a sale pending from which she, among other investors, would be repaid and no sale ever took place, Cristobal filed suit in the state court of New Jersey. That suit was stayed upon the Defendants' filing for bankruptcy. Cristobal claims that she was induced to make the investment by the representations of Mr. Kennedy and that these representations, in addition to his subsequent representations following her investment, were false and misleading statements that preclude discharge of her claim.

## DISCUSSION

**I.      Summary Judgment Standard**

A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, dispositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). At summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F.Supp.2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The court must construe the facts in the light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F.Supp.2d 569, 578 (D.N.J. 2003) (citing *Matushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). Only evidence admissible at trial may be used to test a summary judgment motion. Accordingly, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

The moving party must make an initial showing that there is no genuine issue of material fact. See *Knauss*, 289 F.Supp.2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which the party will bear the burden of proof at trial." *Cardenas v. Massey*, 269 F.3d 251, 254-55

(3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322).  The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original).  An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party.  *See id.* at 248.  Furthermore, a material fact is determined by the substantive law at issue.  *See Crane v. Yurick*, 287 F.Supp.2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248).  A fact is "material" if it might affect the outcome of the suit under governing law.  *Id.*  Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment.  *Anderson*, 477 U.S. at 248 (citation omitted).

Even if material facts remain disputed, summary judgment may be proper if after all inferences are drawn in the non-movant's favor; the moving party is entitled to judgment as a matter of law.  *Id.* 248-50.  Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof.  See *Celotex Corp.*, 477 U.S. at 322-23.  When one party motions the court for summary judgment, Federal Rule of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment.  See *Peifer v. Lebanon Sch. Dist.*, 673 F.Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted).  On the other hand, a court must deny a motion for summary judgment when a genuine issue of material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

## II.    Defendants' Motion for Summary Judgment as to the Lira Complaint

Whether considering Lira's claims for non-dischargeability pursuant to section 523 or section 727, the basis of the Debtors' argument in support of their motion is that Lira may not assert any claim against them in light of the IGR.[1]  Therefore, to determine whether the Debtors' motion should be granted, the Court need not consider the factual basis or circumstances related to the conduct of the Defendants giving rise to Lira's claims, but rather, the facts and circumstances surrounding the execution of the IGR to determine its enforceability.  Lira argues that the IGR may be set aside as a matter of law and, alternatively, equity.

As a matter of law, whether procured by a releasee or the releasee's agent, it is well settled that,

> a release is binding and that the releasor will be held to the terms of a bargain he willingly and knowingly entered into unless there is a showing of fraud, misrepresentation or over-reaching by the releasee, or a showing that the releasor was suffering from an incapacity

---

[1] With their motion papers, the Debtors filed a statement that no brief was necessary as "[t]he sole issue before the Court is whether or not [the release] bars [Lira's] claims . . . ." (*See* Debtors' Mot. for Summ. J., ECF Doc. 45)

> affecting his ability to understand the meaning of the release or on any other equitable ground.

*Wojcik v. Pollock*, 97 N.J. Super. 319, 324, 235 A.2d 58, 61 (Ch. Div. 1967).

In equity, however, the rule permitting avoidance of a release is more broadly stated. *Heuter v. Coastal Air Lines*, 12 N.J. Super. 490, 494 (App. Div. 1951). Equity seeks to determine if when testing the "settlement and the execution of the release, it appears that such an unfair and inequitable advantage was taken by the [releasee or an agent of the release], that the release must be set aside." *Id.*

> It is only when the release is obtained from the illiterate, the weakminded or distressed party, under circumstances which indicate that it was procured by artifice or deception, or by undue pressure and importunity inducing action without advice or time for deliberation, or by advantage taken of distress, or for no or an inadequate consideration, or is otherwise inequitable, that it will come under condemnation.

*Id.* It is also settled law that where a release is challenged for fraud, the dispute raises a question for the trier of fact. *Evangelista v. Public Service Coordinated Transport*, 7 N.J. Super 164, 167 (App. Div. 1950).

Lira contends that the circumstances surrounding the execution of the IGR render it unenforceable. Lira certifies that the Defendants were working with LG Capital in secret to force Lira out of the VH Project and to obtain the IGR. Lira alleges that LG approached the Defendants to continue working on the VH Project without Lira and incentivized Mr. Kennedy to take the necessary actions by claiming it would foreclose on 447 Van Houten and enforce the guaranty against Lira for the $9.5 million dollar balance of the loan. Lira alleges that Mr. Kennedy falsely represented to him that LG would only release him from his obligations under the guaranty if he withdrew from the VH Project and executed the IGR, which was presented as a requirement of LG. Lira alleges that Mr. Kennedy was offered more than $50,000 by LG if he was successful in removing him from the VH Project and an additional $268,000 when the VH Project was completed. There is a dispute amongst the parties as to whether or not Lira was represented by counsel in connection with signing the IGR. Nevertheless, Lira specifically contends that he never would have signed the release had he known that: (1) LG did not require that a general release of the Defendants be executed; (2) the Defendants took more than $350,000 from 447 VH and purchased stocks in their own account; (3) LG agreed to pay the Defendants cash if they were successful in removing Lira from the Project; (4) LG agreed to pay the Defendants $268,000 for completing the Project; or (5) the Defendants, with others, had formed a new company to buy back the VH Project from LG.

The Defendants counter that the IGR is fully enforceable because none of the above mentioned conduct would require otherwise. They contend that there was never any concealment of their continued dealings with LG, nor was it fraudulent to continue to work on the VH Project

without Lira. Last, the Defendants submit that Lira cannot claim duress because the IGR was provided to Lira's attorney for review.

Summary judgment is only proper when there is no genuine issue of material fact. When considering the Plaintiffs' allegations of fraud and the Debtors' response, it is clear that there are still disputed facts in this case. Lira alleges that the release was presented to him by means of fraud, as the Debtors' attorney, Stephen Gruhin, represented that the release was prepared by LG Capital. Lira also contends that he signed the release under duress, as he had no choice but to sign the release or face a $9.5 million lawsuit for 447 VH's default when, he alleges, LG was working in concert with the Debtors to remove him from the VH Project. The Debtors refute these allegations as false and by stating that there cannot be duress because Lira's attorneys were sent the documents prior to the signing and opted to not be present for the signing. There are multiple legal issues and questions of fact remaining for determination. In fact, the papers make clear that the parties' respective factual positions are disputed. The motions for summary judgment must therefore be denied. The cases shall proceed to trial in order for the Court to build an adequate record, judge the credibility of the parties and their witnesses, and make final determinations of disputed factual circumstances.

**III.    Plaintiffs' Motion for Summary Judgment on Counts Alleging Non-Dischargeability Pursuant to 11 U.S.C. § 727(a).**

Congress has described the bankruptcy discharge as the "heart" of bankruptcy law's fresh start provisions. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993); *see* H.R.Rep. No. 595, 95th Cong. 1st Sess. 384 (1977). As a result, courts will deny a discharge only in extreme circumstances and will construe the exceptions to discharge strictly against the creditor and liberally in favor of the debtor. *See Ins. Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995); *Stapleton v. Yanni (In re Yanni)*, 354 B.R. 708, 711 (Bankr. E.D. Pa. 2006) (stating that a denial of discharge is "by far the most severe penalty a Chapter 7 debtor can receive in the life of a bankruptcy case.")

Section 727(a)(2)(A) of the Bankruptcy Code provides that a debtor will not be granted a discharge where

> the debtor, with intent to hinder, delay or defraud a creditor or an office of the estate . . . has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year before the date of the filing of the petition.

11 U.S.C. § 727(a)(2)(A). To prevail on a section 727(a)(2)(A) cause of action, a party must prove the following by a preponderance of the evidence: (1) a disposition of property, such as a transfer or concealment; (2) a subjective intent on the debtor's part to hinder, delay, or defraud one or more creditors or the bankruptcy trustee through that disposition; and (3) that both the disposition and subjective intent occurred within one year before the petition date. *Rosen v. Bezner*, 996 F.2d 1527, 1531 (3d Cir. 1993).

Section 727(a)(2)(B) provides a basis for denying a discharge where a debtor, with intent to hinder, delay, or defraud creditors or the bankruptcy trustee, has transferred, removed, destroyed, or concealed property of the estate after the bankruptcy petition date. 11 U.S.C. § 727(a)(2)(B). Two elements must exist before a discharge may be denied under this section: (1) an act, such as the transfer or concealment of estate property; and (2) an improper intent. *Applebaum v. Henderson (In re Henderson)*, 134 B.R. 147, 156 (Bankr. E.D. Pa. 1991).

Section 727(a)(3) provides that a debtor will not receive a discharge if,

> the debtor concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all the circumstances of the case.

11 U.S.C. § 727(a)(3). The purpose of section 727(a)(3) "is to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to discharge." *Holber v. Jacobs (In re Jacobs)*, 381 B.R. 147, 166 (Bankr. E.D. Pa. 2008) (citing *Meridian Bank v. Allen*, 958 F.2d 1226, 1230 (3d Cir. 1992)). "It also ensures that 'creditors are supplied with dependable information on which they can rely in tracing a debtor's financial history.'" *Id.* (citing *Meridian Bank*, 958 F.2d at 1230). This section requires the Court to "test [] whether there is available written evidence made and preserved from which the present financial condition of the [debtor], and his business transactions for a reasonable period in the past may be ascertained." *Meridian Bank*, 958 F.2d at 1230.

Finally, section 727(a)(7) provides that a debtor's discharge may be denied for committing any of the above acts "on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider[.]" 11 U.S.C. § 727(a)(7).

In support of their motion for summary judgment to deny the Defendants' discharge, Plaintiffs argue that the Defendants have committed various acts of fraud, deceptive concealment, and non-disclosure. Lira alleges that Kennedy embezzled approximately $50,000 for the Debtors' personal expenses, as well as approximately $350,000 from joint ventures that was placed into brokerage accounts with Smith, Barney and Oppenheimer. Moreover, Lira alleges that the Debtors' schedules and Statement of Financial Affairs contain numerous errors and omissions. The Debtors allegedly failed to disclose several business ventures, as well as a brokerage account and approximately $181,000 in accounts receivable. Lira further contends that the Debtors failed to disclose their 50% interest in a property located in Wayne, New Jersey that Mr. Kennedy helped purchase for his mother-in-law, Anne Frederico ("Frederico"). Lira alleges that six weeks after the Debtors filed their petition, they deeded the Wayne Property to Frederico but failed to report this transaction. Lira further alleges that the Debtors did not report specific debts to family and friends in

order to pay them outside of their bankruptcy proceedings. The Debtors have since amended their petition. Lira further alleges that the Debtors failed to keep records regarding their financial affairs and business transactions.

The Defendants, however, assert that each of the alleged nondisclosures or omissions were justified and, therefore, they did not harbor the requisite fraudulent intent to support a section 727(a) bar to discharge. The Defendants assert that any omissions were not to gain an advantage, but only because the interests were immaterial. In many cases, they assert, that they failed to list interests in real estate entities because those entities were dissolved in 2007 and all that remained were debts which were disclosed if appropriate. With respect to the property in Wayne, the Defendants contend that they never had a real interest in the property and were on the deed for financing purposes. Additionally, the Defendants submit that many of their financial records are in the possession of a third party who currently works with Lira creating a conflict of interest making access to the records difficult. While the Plaintiffs include a number of other examples of conduct that should bar discharge under section 727(a), the Defendants provide sworn statements explaining the conduct. Indeed, the sworn statements of all parties, in light of each other, raise genuine issues of fact.

Material facts remain in dispute. The Court simply cannot grant such extraordinary relief on the record before it. Each factual allegation is met by a contrary allegation, neither of which is clearly supported by the evidence submitted in connection with these motions. Without the benefit of testimony, these issues cannot be determined.

## CONCLUSION

For the foregoing reasons, the Debtors' motion for summary judgment and the Plaintiffs' motion for summary judgment are each hereby denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached.

*s/ Donald H. Steckroth*
_____
DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Dated: May 7, 2013